IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DANIEL MEIRA RIBEIRO PETITIONER

V. CIVIL ACTION No. 5:26-CV-86-DCB-BWR

WARDEN, Adams County Detention Center RESPONDENT

ORDER

THIS MATTER comes before the Court, sua sponte, to amend its Order [ECF No. 15] and Final Judgment [ECF No. 16] pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. On October 14, 2026, the undersigned entered an Order [ECF No. 15] adopting the Report and Recommendation of the United States Magistrate Judge and a Final Judgment [ECF No. 16] dismissing the case without prejudice. The Order [ECF No. 15] and Final Judgment [ECF No. 16] are hereby withdrawn, as it has been brought to the Court's attention that Petitioner filed Objections to the Report [ECF No. 14] out of time, but one day prior to the entry of the Order [ECF No. 15] and Final Judgment [ECF No. 16]. Rule 60(a) permits the court, on its own motion, to "correct . . . a mistake arising from oversight . . . whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The Court observes that Petitioner's deadline to file objections expired on October 9, 2026, and Petitioner did not file objections until October 13, 2026.

When a party objects to a Report and Recommendation, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Gust, 921 F.2d 620, 623 (5th Cir. 1991)(party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. However, the Court is not required to make new findings of fact in order to conduct a de novo review, Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to "reiterate the findings and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider "[f]rivolous, conclusive or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993).

The Court has reviewed the Petition [ECF No. 1], the Objections to the Report [ECF No. 14], and the related filings. The Court observes, as stated above, that Petitioner's Objections [ECF No. 14] were filed out of time. It is also of note to the Court that Petitioner's Objections [ECF No. 14] were filed on his behalf by his wife who is listed as an interested party in the

action but is not legal counsel. [ECF No. 14] at 10. Nonetheless, upon consideration, the Court finds that Petitioner fails to point to any error of law or fact in the Report and Recommendation. Instead, Petitioner recites and re-urges the arguments set forth in his Petition [ECF No. 1]. See [ECF No. 1] at 6-7; see also Edmond, 8 F. 39 at 293. Although Petitioner acknowledges the precedent relied on in the Report, Petitioner's objections merely repeat the arguments Petitioner asserts in his petition and do not equate to substantive objections. Thus, Petitioner's objections are overruled.

After engaging in a de novo review of the record and an independent assessment of the law, the Court finds that the Magistrate Judge did not err.

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation [ECF No. 13] be, and the same hereby is, adopted as the finding of this Court. Consequently, Petitioner's Petition [ECF No. 1] is hereby denied and dismissed without prejudice. Pursuant to Rules 58 and 60(a) of the Federal Rules of Civil Procedure, a separate amended judgment will be entered.

SO ORDERED AND ADJUDGED, this the 19 day of October, 2026.

/s/ David C. Bramlette
David C. Bramlette
UNITED STATES DISTRICT JUDGE